# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

COURTNEY M. ZERN,                       )
                                        )
      Plaintiff,                      )
                                        )
     v.                              )  C.A. No. N18C-11-036 FWW
                                        )
ALLSTATE FIRE AND CASUALTY              )
INSURANCE COMPANY,                      )
a foreign corporation,                  )
                                        )
      Defendant,                      )

Submitted: January 11, 2019
Decided: April 26, 2019

*Upon Defendant's Motion to Dismiss*
**DENIED**

## ORDER

Joel H. Fredricks, Esquire, Weik, Nitsche & Dougherty, LLC, 305 N. Union Street, Second Floor, Wilmington, Delaware 19899, Attorney for Plaintiff.

Arthur D. Kuhl, Esquire, Reger Rizzo & Darnall LLP, Brandywine Plaza East, 1523 Concord Pike, Suite 200, Wilmington, Delaware 19803, Attorney for Defendant.

**WHARTON, J.**

This 26th day of April, 2019, upon consideration of the Motion to Dismiss of Defendant Allstate Fire and Casualty Insurance Company ("Allstate"), the Response of Plaintiff Courtney M. Zern ("Zern"), and the record in this case, it appears to the Court that:

1.    Zern brought this action against Allstate, claiming personal injuries related to an August 7, 2016 motor vehicle collision in Delaware.[1] The tortfeasor's liability insurance carrier tendered the limit of its liability coverage.[2] Zern then sought underinsured motorist benefits pursuant to her policy of insurance ("the policy") with Allstate. It is the terms of the policy that are at issue here.

2.    Allstate moves to dismiss Zern's underinsured motorist claim.[3] The basis of Allstate's motion is that this action was improperly filed in Delaware because the policy required Zern to file suit in her home county in Pennsylvania.[4]

3.    Zern opposes the Motion to Dismiss.[5] She asserts that Delaware is an appropriate jurisdiction for her claim.[6] She contends that endorsement cited by Allstate, which contains the forum selection provision upon which it relies, did not

---

[1] Pl.'s Compl., at 1.
[2] Pl.'s Resp. Mot. Dismiss, at 1.
[3] Def's. Mot. to Dismiss, at 1.
[4] Id.
[5] Pl.'s Resp. Mot. Dismiss, at 1.
[6] Id. at 4.

apply to the policy at the time of the collision.[7] Zern also argues that the endorsement does not render Delaware an inappropriate forum because the forum selection provision was merely permissive and not mandatory.[8]

4.     In reviewing a motion to dismiss for improper venue under Superior Court Civil Rule 12(b)(3), the Court must assume as true all the facts plead in the complaint and view those facts and all reasonable inferences drawn from them in the light most favorable to the plaintiff.[9] The Court may consider extrinsic evidence from the outset, and may grant dismissal before the commencement of discovery on the basis of affidavits and documentary evidence in the record.[10] The Court may "grant a dismissal motion before the commencement of discovery on the basis of affidavits and documentary evidence if the plaintiff cannot make out a prima facie case in support of its position."[11]

5.     Allstate contends that the present case was inappropriately filed in Delaware, citing a provision in an endorsement which it claims is incorporated into the policy.[12] This endorsement states that:

---

[7] *Id.* at 3.
[8] *Id.* at 4.
[9] *Anglo American Sec. Fund, L.P. v. S.R. Global Intern. Fund, L.P.*, 829 A.2d 143, 148–9 (Del. Ch. Aug. 4, 2003).
[10] *Courtney v. Intuitive Surgical, Inc.*, 2015 WL 6671558, at *1 (Del. Super. Ct. Oct. 30, 2015).
[11] *Simon v. Navellier Series Fund*, 2000 WL 1597890 at *4 (Del. Ch. Oct. 19, 2000).
[12] Pl.'s Resp. Mot. Dismiss, at 2.

3

> If the insured person and we do not agree on that person's right to receive damages or on the amount...then the disagreement will be resolved in a court of competent jurisdiction. Any and all lawsuits related in any way to this coverage shall be brought...in the county in which your address shown on the Policy Declarations is located.[13]

Zern's address on the policy is in Pennsylvania.[14] The policy went into effect July 23, 2016, but the endorsement was not incorporated into the policy until August 7, 2016, the day of the accident, due to a "change" in the policy.[15] The "change" in the policy was noted to be the deletion of a vehicle - the vehicle totaled as a result of the accident.[16] In other words, the forum selection provision relied upon by Allstate was generated as a result of the accident and was not in effect at the time of the accident. Because the August 7th endorsement was not in effect at the time of the accident, Allstate has not established that the complaint was improperly filed in Delaware.

6.    In light of the foregoing determination that the forum selection provision in the endorsement was not in effect at the time of the accident, the Court need not address whether that provision was merely permissive or whether it was mandatory.

---

[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*

**THEREFORE**, Defendant Allstate Fire and Casualty and Insurance Company's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.